IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **Nakkia Young,**<br><br>    **Plaintiff;**<br>v.<br><br>**Landon Metzger,**<br><br>    **Defendant.** | Case No. _____<br><br>**Complaint and Jury Demand** |

### Case Overview

1. Plaintiff Nakkia Young files this Complaint against Defendant Landon Metzger for personal injuries and property damage arising out of a motor vehicle collision that occurred on November 2, 2021, in Hamilton County, Tennessee, alleging as follows:

### Parties, Jurisdiction & Venue

2. Plaintiff is a citizen and resident of Illinois.

3. Defendant resides at 5208 Mayfair Avenue, Chattanooga, Tennessee.

4. Defendant is a citizen of Tennessee and resides in this judicial district and division.

5. Defendant is subject to the jurisdiction of this Court.

6. The amount in controversy, including all special and general damages, exceeds $75,000.00.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b)(1).

### Facts

9. On November 2, 2021, Plaintiff was a passenger in a 2016 Nissan Altima that was traveling east on Interstate 24 in Hamilton County, Tennessee.

10. At the same time, Defendant also was driving east on Interstate 24 immediately behind Plaintiff's vehicle.

1

11. The driver of Plaintiff's vehicle slowed significantly her vehicle because the traffic in front of her had slowed.

12. Defendant failed to stop his vehicle and drove his vehicle into the rear of Plaintiff's vehicle, causing a collision.

13. At the time and place of the collision, Defendant violated Tennessee traffic laws by

    a. Failing to keep a proper lookout ahead;

    b. Failing to exercise due care in violation of Tenn. Code § 55-8-136;

    c. Following too closely in violation of Tenn. Code § 55-8-124;

    d. Reckless driving in violation of Tenn. Code § 55-10-205; and

    e. Any other acts of negligence that may be shown by the evidence.

14. The collision caused property damage to the rear of Plaintiff's vehicle and damaged Plaintiff's personal property inside.

15. The collision injured Plaintiff. Among other things, the collision caused injury to Plaintiff's head, neck, low back, and right knee. Plaintiff suffers from headaches and other post-concussive symptoms. Plaintiff's pain is severe.

16. MRI of Plaintiff's neck found disc injury at three different levels.

17. Upon information and belief, Plaintiff's injuries are of such a serious nature that they will require extensive medical care.

18. Plaintiff's injuries are extremely painful, and Plaintiff reasonably believes that she will continue to suffer this pain long into the future—perhaps forever—and therefore alleges that her general damages exceed $75,000.00.

## Claim One – Negligence & Negligence Per Se

19. All preceding paragraphs are incorporated into this count as if fully set forth herein.

20. The sole proximate cause of the collision was the negligence and negligence *per se* of Defendant.

21. The negligence and negligence *per se* of Defendant caused Plaintiff to suffer personal injuries, property damage, other damages.

22. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff incurred medical bills.

23. As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff endured, is enduring and will continue to endure in the future, pain and suffering, both physical and mental, loss of the enjoyment of life, diminished capacity to labor, bodily impairment and other injuries and damages.

24. Plaintiff claims all special, general, and punitive damages allowable by law, and Plaintiff claims attorneys' fees and expenses of litigation, against Defendants.

**WHEREFORE**, Plaintiff requests a trial by jury and prays for judgment against Defendants as follows:

a) All special damages recoverable by law and as shown by the evidence;

b) General damages in an amount to be determined by the enlightened conscience of a jury;

c) For all attorneys' fees and costs incurred;

d) Costs of this action; and

e) Such other further, general and equitable relief as this Court deems just.

June 22, 2022.

**HALL & LAMPROS, LLP**

/s/ Andrew Lampros
Andrew Lampros
TN BPR #020167
Patrick Hannon
Ga. Bar No. 074321
(admitted in E.D.Tenn.)

400 Galleria Parkway SE
Suite 1150
Atlanta, GA 30309
404/876-8100
Fax: 404/876-3477
Andrew@hallandlampros.com
Patrick@hallandlampros.com

*Attorneys for Plaintiff*